UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   ECF CASE: 08-CV-02899
TRACY REIN,

                Plaintiff,

   -against-     **RESPONSE TO INTERROGATORIES**

CAB EAST LLC., FORD MOTOR CREDIT COMPANY,
LLC., and BRIAN K. DAHMS,

                Defendants.
----------------------------------------------------------------X

    Plaintiff, by her attorneys, Edward W. Armstrong, P.C., as and for her Response to Interrogatories, pursuant to the demand of the defendants, alleges, upon information and belief, as follows:

    1. State how it is claimed the accident occurred.

**The plaintiff was a pedestrian in a crosswalk at the intersection of Seventh Avenue and West 39th Street in Manhattan when she was struck by the defendants' vehicle.**

    2. State all of the acts and/or omissions constituting the negligence claimed.

**The aforesaid occurrence was caused solely and wholly, through and by reason of the recklessness, carelessness and negligence of the defendants in their ownership, operation, control, custody, charge, supervision, management and maintenance of their said motor vehicle; in failing to operate same in a reasonably safe manner and under proper control; in operating said motor vehicle in a reckless and careless manner; in failing to maintain control of said motor vehicle; in failing to keep a proper lookout; in making an improper, unlawful and unsafe steering maneuver; in failing to make adequate use of**

1

signaling devices; in operating said motor vehicle at a fast, excessive, unlawful and reckless speed; in operating said motor vehicle at a speed greater than which was reasonable and prudent under the circumstances and conditions then and there prevailing and without having regard to the actual potential hazards in existence; in failing to see what was there to be seen and more particularly, the plaintiff lawfully within a pedestrian crosswalk upon the roadway; in failing to make timely and proper use of adequate and efficient steering and signaling devices on said motor vehicle; in failing to give a timely visible signal or warning approach and intended movement of said motor vehicle; in failing to exercise the necessary and requisite steps to prevent this occurrence; in failing to have adequate brakes and/or braking devices, or in failing to properly apply same in sufficient time so as to avoid the occurrence complained of; in failing to make a warranted full stop; in failing to exercise the necessary and requisite forbearance in approaching an intersection; in failing to observe the traffic conditions and traffic control devices, signs and signals at the time and place aforesaid; in failing to yield the right of way; in failing to pay attention while driving; in failing to observe, obey and give due regard for the rules of the road as well as the applicable statutes of the State of New York, including but not limited to sections 1146, 1151(a), 1163(a), 1212, 1180(a), and 375(1) of the Vehicle and Traffic Law, and sections 4-04(d), 4-02(c)(1), and 1-03(a)(1)(i)(ii) of the New York City Traffic Rules.

3. State the nature and extent of all injuries.

The plaintiff sustained the following injuries as a result of the subject occurrence:

- Intrasubstance tear of posterior horn of medial meniscus, left knee;
- Partial tear of anterior cruciate ligament, left knee;
- Popliteal cyst, left knee;
- Joint effusion, left knee;
- Left knee derangement;
- Necessity of surgery, left knee;
- Posterior disc herniation at L3-4 and L4-5 with narrowing of bilateral L4-5 and right L3-4 neural foramina and impingement on thecal sac;
- Posterior disc bulge at C3-4 impinging on thecal sac;
- Bilateral C5 radiculopathy;
- Bilateral L5 radiculopathy;
- Derangement of cervical spine;
- Derangement of lumbar spine;
- Left elbow derangement;
- Right hip derangement;
- Necessity of epidural injections;
- Necessity of electroacupuncture;
- Necessity of electrodiagnostic studies;
- Necessity of MRI;
- Necessity of physical therapy;
- Necessity of use of crutches;
- Necessity of use of cane;
- Necessity of use of pain medication;
- Severe and persistent pain about all affected areas;
- Stiffness and soreness of all affected areas;
- Limitation of range of motion of all affected areas;
- Injury to and involvement of surrounding nerves, blood vessels and tendons, ligaments, cartilage and soft tissue in and around the above set-forth areas;
- Limitation of activities;
- Severe and physical emotional pain, stress and trauma.

4. Specify those injuries claimed to be permanent.

Upon information and belief, all of the above mentioned injuries and their effects, except for minor contusions and abrasions, are permanent.

5. Accurately state length of time confined to bed.

**Plaintiff was confined to bed for approximately two (2) months, with exceptions.**

6. Accurately state length of time confined to home.

**Plaintiff has been confined to home since the date of accident, with exceptions.**

7. State the name of each and every hospital, clinic or doctor's office where any treatment or examination was rendered, and length of time, if any, confined there and the number and dates of visits.

**The plaintiff received treatment or examination from the following health care providers:**

- **Bellevue Hosptial Center, 462 First Avneue, New York, NY, on December 19, 2007;**

- **Douglas A. Schwartz, D.O., P.C., d/b/a East Side Medical Gropu, 150 East 58th Street, Suite 1801, New York, NY 10022, from December 20, 2007 to present;**

- **Dr. Eugune Liu, Park East Sports Medicine and Rehabilitation, 62 East 88th Street, New York, NY 10128, from approximately March, 2008 to present;**

- **Dr. Richard Seldes, 95 University Place, New York, NY 10003, from February, 2008 to present;**

- **North Shore University Hospital at Forest Hills, 102-01 66th Road, Forest Hills, NY 11375, on March 4, 2008;**

- **Lenox Hill Radiology & Medical Imaging Associates P.C., 61 East 77th Street, New York, NY 10021, on December 20, 2007, January 8, 2008, and January 12, 2008;**

- **Dr. Stanley Resor, M.D., Neurological Institute, 710 West 168th Street, New York, NY 10032**

8. State name and addresses of employers from the time of the alleged accident to the present.

**Ruosso Apparel, 1407 Broadway, New York, NY 10018.**

4

9. State length of time incapacitate from employment due to the accident.

**The plaintiff had been incapacitated from employment since the date of the accident.**

10. If self-employed, state nature of self-employment and business address at the time of the accident and at present.

    **Not applicable.**

11. If a student at the time of the accident, set forth name and address of all schools attended from the date of the accident to date and state length of time incapacitated from attending school due to the accident.

    **Not applicable.**

12. State total amounts claimed as special damages for:

    a) Physicians expenses;
    b) Medical expenses;
    c) Nurses expenses;
    d) Hospital expenses;
    e) Lost earnings; and
    f) Any other expenses which it is claimed resulted from the accident.

**The plaintiff has incurred the following special damages:**

- **Physicians expenses: to be supplied;**
- **Medical expenses; to be supplied;**
- **Nurses expenses; to be supplied;**
- **Hospital expenses; to be supplied;**
- **Lost earning; to be supplied;**
- **Other: to be supplied.**

13. State the residence address of the plaintiff at the time of the accident and at present; and state the date of birth of the plaintiff.

**At the time of the occurrence complained of, the plaintiff resided, and still resides, at 201 West 70th Street, Apt. 16, New York, New York 10023, and her date of birth is February 14, 1962.**

5

Dated: New York, NY
      April 21, 2008

Yours, etc.,

_____
EDWARD W. ARMSTRONG (EA9374)
EDWARD W. ARMSTRONG, P,C,
Attorney for Plaintiff
233 Broadway, Suite 707
New York, New York 10279
Tel. No.: (212) 964-3544

TO:    John M. Downing, Jr.
        DOWNING & PECK, P.C.
        Attorney for Defendants
        5 Hanover Square, 20th Floor
        New York, New York 10007
        Tel. No.: (212) 514-9190
        File No.: 3.1167

## VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK    )
                                         ss.:
COUNTY OF NEW YORK)

**TRACY REIN**, being duly sworn, says:

I am the Plaintiff in the action herein:  I have read the annexed:

### RESPONSE TO INTERROGATORIES

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters believe them to be true.  My belief as to those matters therein not stated upon knowledge, is based upon facts, records and other pertinent information contained in my personal filed.

Dated: New York, NY
          April 25, 2008

_____
**TRACY REIN**

Sworn to before me this
day of April, 2008

_____
NOTARY PUBLIC

EUGENE CANNON
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CA6149839
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES 7/17/2010