Subject: Tracy Rein v. CAB East LLC, Ford Motor Credit and Brian Dahms 08Civ2899(PAC)
Request for Extension of time to move to Dismiss
From: "Alison Metzler" <alisonmetzler@mindspring.com>
Date: Thu, 19 Jun 2008 16:11:29 -0400
To: <crottyNYSDChambers@nysd.uscourts.gov>
CC: <Ewarmstrong@aol.com>

*Downing & Peck, P.C.*
*5 Hanover Square - 20th Floor*
*New York, New York 10004*
*Telephone No.: 212-514-9190*
*Fax No.: 212-514-9241*

[Handwritten endorsement: The parties are instructed to resolve this matter promptly by the submission of the appropriate documents and any proposed waivers of such documents.]

SO ORDERED: JUN 20 2008

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED

June 19, 2008

Honorable Paul A. Crotty
United States District Court Judge
United Stated District Court
for the Southern District of New York
500 Pearl Street
New York, New York

*Re: Rein v. CAB East, LLC and Ford Motor Credit Company and Brian Dahms*
*Docket Number: 08-CV-2899(PAC)*

Honorable Sir:

The undersigned counsel represents the defendants, CAB East LLC, Ford Motor Credit Company LLC and Brian K. Dahms, in connection with the above-referenced matter.

This case arises out of an auto accident that occurred on December 19, 2007 in which the plaintiff, Tracy Rein, a pedestrian, was allegedly struck by a vehicle driven by the defendant, Brian Dahms, and owned by defendant CAB East LLC as she crossed 7th Avenue in New York City.

Plaintiff and defendant Brian Dahms have appeared for deposition and discovery is continuing.

We last appeared before your Honor on May 19, 2008 at which time the plaintiff was given until June 2, 2008 to move to amend the pleadings to add additional parties.

Plaintiff has not so moved to amend the pleadings and has not advised he intends to seek more time to do so.

During the conference defendants advised the Court that CAB East and Ford Motor Credit wanted to move to dismiss the complaint against them based upon 49 U.S.C. 30106, known as the Graves Amendment, which provides in pertinent part as follows:

[an] owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State of political subdivision thereof, by reason of being the owner of the vehicle (or affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental lease, if (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner). Id Section 30106(a).

Federal and State Courts have upheld the Graves Amendment and have held that it preempts state vicarious liability laws that impose liability on businesses that rent or lease motor vehicles and have barred claims against automobile leasing companies for vicarious liability premised solely upon ownership of a vehicle.

It is uncontested that the defendant Brian Dahms leased the vehicle he was driving at the time of the accident from Larson Ford located in Lakewood, New Jersey and that pursuant to the lease, Larson assigned the Lease to CAB East, the "holder" of the title to the vehicle.

A copy of the lease in effect at the time of the accident was provided to plaintiff's counsel and identified at Mr. Dahms' deposition.

Paragraph 36 of the lease providse that CAB East was the assignee of the Lessor Larson Ford and the holder, pursuant to paragraph 38, of the Title to the vehicle.

Plaintiff's counsel was provided with a copy of a "Certificate of Non Agency" prepared by an employee of Ford Motor Credit Company, who also is an representative of CAB East LLC, Lawrence Finn. Mr. Finn's Certificate sets forth, albeit in somewhat cursory form and with less than desirable attention to detail, the ownership interest of CAB East LLC in the vehicle.

A copy of the New Jersey Motor Vehicle Commission Leased Vehicle Registration for the vehicle was similarly provided to plaintiff's counsel, which states CAB East LLC is the registered owner of the vehicle.

In an effort to avoid motion practice defendants requested that plaintiff voluntarily discontinue the action against both CAB East and Ford Motor Credit because it was, based on the documents provided, and in the absence of any information to the contrary, clear that the vehicle in question was leased at the time of the

accident involving the plaintiff and that said defendants were engaged in the trade or business of renting or leasing motor vehicles bringing them under the protections provided by the Graves Amendment.

In response to my request for a voluntary discontinuance plaintiff counsel voluntarily discontinued the action against Ford Motor Credit.

However Mr. Armstrong would not discontinue with respect to CAB East citing what he believed was Mr. Finn's lack of authority to act as an representative of CAB East, as well as typographical, cut and paste type, defects in the body of the Certificate of Non-Agency. To wit, that the Certificate contained the original Supreme Court caption instead of the United States District Court caption; that a defense firm was listed on the document other than the undersigned's firm; and that the document was notarized in Michigan, where Mr. Finn works.

At the last conference Your Honor gave defendants until June 23, 2008 to "cross-move" to dismiss based on the Graves Amendment.

Defendant CAB East would like to address the concerns raised by Mr. Armstrong with the hope that he will similarly voluntarily discontinue the action against CAB East and the Court will not have to burdened with unnecessary motion practice.

Therefore defendants request an additional thirty days to obtain a voluntary discontinuance from plaintiff's attorney or, in the alternative, to make the motion to dismiss. No previous request for an extension of time to move to dismiss has been made.

I called Mr. Armstrong on June 18th and four times on June 19th to discuss this issue and request his consent to the instant application. I finally spoke to Mr. Armstrong and he advised that he would not consent to the adjournment. Mr. Armstrong demanded a conference. I advised I would call the court, which I did and left a message just a few moments ago. I am available for a telephone conference this afternoon at the courts disposal to discuss this, and any other issue.

Thank you for your consideration in this matter.

Very truly yours,

DOWNING & PECK, P. C.

BY: ALISON D. METZLER

ADM/

CC: Edward W. Armstrong, Esq. via e-mail to ewarmstrong@aol.com