```
                                                        USDC SDNY
                                                        DOCUMENT
                                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                            DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                           DATE FILED: June 22, 2009
------------------------------------------------------------------X

TRACY REIN,                                       :

                        Plaintiff,                :    08 Civ. 2899 (PAC)

              -against-                           :    MEMORANDUM ORDER

CAB EAST LLC, FORD MOTOR CREDIT COMPANY,          :
LLC and BRIAN K. DAHMS,
                                                  :
                        Defendants.
                                                  :
------------------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

This case is before the Court on a motion for summary judgment from Defendants Cab East LLC ("Cab East") and Ford Motor Credit Company, LCC ("Ford Credit"), and on a motion for partial summary judgment from Plaintiff Tracy Rein. The underlying dispute centers around an accident in December 2007 where Defendant Brian K. Dahms hit Rein, a pedestrian, with his vehicle while he was driving in Manhattan. Cab East and Ford Credit argue that Plaintiff's claim against them is preempted by the so-called Graves Amendment, 49 U.S.C. § 30106, which precludes vicarious liability for vehicle owners who lease those vehicles to other persons, in this case Defendant Dahms. Rein seeks partial summary judgment on the single issue of Dahms' liability for the accident. For the reasons that follow, the Court finds that the Graves Amendment precludes suit against Cab East and Ford Credit, and that Defendant Dahms' liability must be determined by the fact finder, not by this Court on a motion for summary judgment. Accordingly, Cab East and Ford Credit's motion is GRANTED, and Rein's motion is DENIED.

1

**BACKGROUND**

The undisputed facts of this case are not complex.[1] On the evening of December 19, 2007, Defendant Dahms struck Plaintiff Rein with his car, a 2007 Ford Explorer, in or near the intersection of Seventh Avenue and 39th Street in Manhattan. Dahms was turning left in the intersection and Rein was crossing the street with the light in her favor. The impact knocked Rein to the ground and she suffered injuries.[2] The parties dispute whether Rein was within the boundaries of the crosswalk at the time Dahms struck her, and whether Rein contributed in any way to her accident by darting in front of Dahms' vehicle.

Dahms leased the Ford Explorer on July 30, 2007, from Larson Ford in Lakewood, N.J. (See Affidavit of Marlene Martel ("Martel Aff.") Ex. A.) Ford Credit financed the lease, and upon the signing of the lease, Larson Ford assigned the lease to Cab East. (Id.) Defendants describe Cab East as "a single purpose entity whose only business involves leased vehicles." (See Defendants' Rule 56.1 Statement ("Def. 56.1") ¶ 3; Martel Aff. ¶ 5.) Cab East is an indirect subsidiary of Ford Credit. Cab East's business is to hold legal title to lease contracts. Dahms' lease agreement stated that Dahms was responsible for the maintenance, care, and repair of the vehicle. (See Martel Aff. Ex. A ¶¶ 22-23.)

Rein filed her Complaint in New York State court, New York County, on February 8, 2008. Defendants removed the matter to Federal Court on March 19, 2008. This Court has diversity jurisdiction over the dispute pursuant to 28 U.S.C. § 1332; Rein is a New York resident and Defendants are residents of New Jersey (Dahms), Atlanta (Cab East), and Michigan (Ford Credit). On October 2, 2008, Rein filed her motion for partial summary judgment on the issue of

---

[1] The facts are taken from Plaintiff's Verified Complaint, the parties' Rule 56.1 submissions, and any other affidavits and exhibits submitted with the motions in this case.
[2] At a hearing on May 19, 2008, Plaintiff's attorney described Plaintiff's injuries as a "[t]orn meniscus, ligaments, one surgery, a second surgery coming up." (See May 19, 2008 Hearing Transcript ("Hr'g Tr.") 06:21-22.)

2

liability.  On October 6, 2008, Cab East and Ford Credit filed their motion for summary judgment as to the claims against them.

## DISCUSSION

### I.  Summary Judgment Standard

Summary judgment is appropriate where the record demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is material if it "might affect the outcome of the suit under governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of producing evidence on each material element of its claim or defense demonstrating that it is entitled to relief. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The evidence on each material element must be sufficient to entitle the movant to relief as a matter of law. Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

Once the moving party has made an initial showing that no genuine issue of material fact remains, the nonmoving party may not refute this showing solely by means of "[c]onclusory allegations, conjecture, and speculation," Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (internal citations and quotations omitted), but must instead present specific evidence in support of its contention that there is a genuine dispute as to material facts. Fed. R. Civ. P. 56(e).  The Court resolves all ambiguities and draws all factual inferences in favor of the nonmovant, but "only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)).

**II.  The Graves Amendment**

The U.S. Congress enacted the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA-LU" or "Act") on August 10, 2005.  Section 30106 of the Act, commonly known as the Graves Amendment, states that:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).  The Graves Amendment applies to "any action commenced on or after the date of enactment of this section," which is August 10, 2005. Id. § 30106(c).

Section 30106 was enacted to protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company's only relation to the claim was that it was the technical owner of the car. See 151 Cong. Rec. H 1034, 1200 (2005) (statement of Rep. Graves).  New York, however, permits suits against the owner of a vehicle based on vicarious liability, even if the owner is not operating the vehicle:

> Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.

N.Y. Veh. & Traf. Law § 388.

The Graves Amendment expressly preempts the vicarious liability provisions of § 388 for claims commenced after August 10, 2005, as numerous courts have held. See, e.g., Pacho v.

Enterprise Rent-A-Car Co., 572 F. Supp. 2d 341, 350 (S.D.N.Y. 2008) ("[T]his amendment had the effect of preempting any state law that imposed vicarious liability to the owner or lessor of a vehicle without regard to fault."); Green v. Toyota Motor CreditCorp, 605 F. Supp. 2d 430, 434 (E.D.N.Y. 2009) ("The Graves Amendment clearly intended to preempt [§ 388] as a matter of federal law and bar recovery against car rental and leasing companies based on vicarious liability."); Flagler v. Budget Rent A Car System, Inc., 538 F. Supp. 2d 557, 558 (E.D.N.Y. 2008) ("There is no question but that the Graves Amendment preempts state laws that impose vicarious liability on businesses that rent or lease motor vehicles.").

### III. Application to the Facts

Cab East and Ford Credit move for summary judgment based on the protection of the Graves Amendment.[3] Plaintiff argues that since Cab East was not involved in making the original lease and only later became the technical lease holder, Cab East is not "engaged in the trade or business of renting or leasing motor vehicles" as contemplated by § 30106(a)(1). This argument is specious. The Graves Amendment defines "owner" as "a record or beneficial owner, holder of title, lessor, or lessee of a motor vehicle." Id. § 30106(d)(2)(A). Cab East states that its "only business" is to hold legal title to lease contracts (see Martel Aff. ¶ 5), an assertion that Plaintiff does not challenge. There is no question that Cab East, as the holder of Dahms' lease, falls under the protection of the Graves Amendment. See Graham v. Dunkley, 852 N.Y.S.2d 169, 175-76 (App. Div. 2nd Dept. 2008) (finding that Graves Amendment protected defendant, which had been assigned lease from car dealership). Plaintiff cites a case where a New York trial court refused to dismiss a lease trust company based on Graves Amendment

---

[3] Plaintiff has agreed in writing to dismiss the claims against Ford Credit, but the Court has received no formal stipulation from the parties to that effect. Plaintiff's affidavit in opposition to Defendants' motion states unequivocally that Rein is no longer pursuing claims against Ford Credit. (See Affidavit of Edward Armstrong in Opposition to Cab East's Motion ("Armstrong Opp'n Aff.") ¶ 5 n.1.) Nevertheless, without a formal stipulation dismissing Ford Credit, the Court proceeds on Ford Credit's motion.

protection because defendants failed to provide evidence of a lessor/lessee relationship or an affidavit supporting the position that the lease trust company was in fact in the business of leasing cars. See Graca v. Krasnik, 872 N.Y.S.2d 690 (Sup. Ct. Kings County 2008). That case is not on point; Defendants here have submitted uncontroverted proof that they are in the business of holding title to lease contracts for vehicles. Accordingly, the Court grants Defendants' motion to dismiss.

Plaintiff argues that the Court should grant its motion for partial summary judgment on the issue of Dahms' liability because there is no dispute that Dahms' vehicle hit Rein while she was in the crosswalk with the light in her favor.[4] The Court agrees that if there were no dispute over those facts, Plaintiff might be entitled to summary judgment on the issue of liability. But whether Rein was walking within the crosswalk is the factual question at issue, as well as the extent of any contributory negligence. The presence of a factual question precludes Plaintiff's motion for partial summary judgment, and, accordingly, the Plaintiff's motion is denied.

## CONCLUSION

Defendant Cab East's and Defendant Ford Credit's motion for summary judgment is GRANTED, and the Plaintiff's motion for partial summary judgment is DENIED. The Clerk of the Court is directed to close out these motions. The remaining parties should appear for a final pretrial conference at 3:30 p.m. on Tuesday, July 14, 2009 in Courtroom 20C. If the parties need to reschedule the conference they should refer to Judge Crotty's individual practices.

Dated: New York, New York
       June 22, 2009

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[4] New York State Vehicle and Traffic Law requires drivers to yield to pedestrians in a crosswalk crossing with the light. See N.Y. Veh. & Traf. Law § 1111(a)(1).